**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| NORMA SILCOX, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-05-242-M |
| ) | |
| VIA CHRISTI OKLAHOMA REGIONAL ) | |
| MEDICAL CENTER - PONCA CITY, INC., ) | |
| f/k/a St. Joseph Regional Medical Center of ) | |
| Northern Oklahoma, Inc., an Oklahoma ) | |
| Corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is Defendant's Motion for Summary Judgment [docket no. 27], filed September 21, 2005. On October 20, 2005, Plaintiff filed her response. On November 7, 2005, Defendant filed its reply. Based upon the parties' submissions, the Court makes its determination.

**INTRODUCTION**[1]

Plaintiff began working for Defendant on August 31, 1998. On the morning of March 14, 2002, while working for Defendant, Plaintiff reported an injury to her back and requested permission to leave work early due to pain. Permission was granted, and Plaintiff left work at 9:00 a.m.

On March 18, 2002, Plaintiff sought medical attention for her injury from Dr. Rebecca Bristow, a chiropractor. On this date, without having taken an x-ray of Plaintiff, Dr. Bristow performed a manipulation to correct a subluxation and placed Plaintiff on temporary total disability. On March 20, 2002, Dr. Bristow, again without taking an x-ray,[2] diagnosed Plaintiff with

---

[1] The following facts are either undisputed or are described in the light most favorable to Plaintiff. Immaterial facts and factual averments not supported by the record are omitted.

[2] Plaintiff admits that Dr. Bristow never took an x-ray of her.

subluxation and placed Plaintiff on temporary partial disability.

On March 25, 2002, Plaintiff remained off work to care for her injury. On that day, Plaintiff's supervisor spoke with Plaintiff via telephone regarding a discrepancy on Plaintiff's timecard, which showed Plaintiff's "time-out" on the date of her injury as "1950" rather than the actual time Plaintiff left that morning. Plaintiff explained to her supervisor that she wrote the wrong "time-out" out of habit. Plaintiff asserts that evidence indicating that her injury occurred at "950" rather than "900" "provides a more than adequate explanation for the '19:50' clock-out time error." Plaintiff's Response, page 2. Nevertheless, Plaintiff's supervisor and Defendant's director of human resources determined that Plaintiff had intentionally falsified her timecard and that such dishonesty warranted immediate termination.[3] On March 27, 2002, Plaintiff was terminated.

According to Plaintiff, Defendant's normal policy regarding timecard errors was to call the employee in and have them correct the error. In support of this contention, Plaintiff points to the fact that she was called in on the morning of March 27, 2002 and asked to correct her March 14, 2002 timecard and initial the change. Additionally, Plaintiff asserts that Robin Bailey, another employee of Defendant under the same supervisor as Plaintiff, had a similar timecard error and was called in to correct the timecard. In contrast to Plaintiff, Robin Bailey was not disciplined or terminated because of the mistake. Plaintiff asserts that, contrary to Defendant's claims that timecard fraud motivated her termination, her attempt to exercise her medical leave rights was a significant or motivating factor in her termination.

On February 28, 2005, Plaintiff filed the instant action against Defendant, asserting claims

---

[3]Defendant's employee handbook, which Plaintiff acknowledges receiving, provides that a supervisor may immediately terminate an employee for acts of dishonesty.

under the Family and Medical Leave Act ("FMLA") as well as various state law claims. Defendant now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law" that is "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party," *19 Solid Waste Dep't Mechanics v. City of Albequerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted). When deciding whether summary judgment is appropriate, the Court views the evidence in the light most favorable to the nonmoving party and draws all reasonable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255; *Simms v. Oklahoma ex rel. Dep't of Mental Health*, 165 F.3d 1321, 1326 (10th Cir. 1999).

At the summary judgment stage the Court's function is not to weigh the evidence, but to determine whether there is a genuine issue of material fact for trial. *Willis v. Midland Risk Ins. Co.*, 42 F.3d 607, 611 (10th Cir. 1994). "An issue is genuine if, [viewing the full record] there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Anderson*, 477 U.S. at 248). "The mere existence of a scintilla of evidence in support of the [Plaintiff]'s position is insufficient to create a dispute of fact that is 'genuine' . . . ." *Lawmaster v. Ward*, 125 F.3d 1341, 1347 (10th Cir. 1997). "An issue of fact is 'material' if under the substantive law it is essential to the proper disposition of the claim." *See Adler*, 144 F.3d at 670 (citing *Anderson*, 477 U.S. at 248).

**DISCUSSION**

I.  FMLA Claims

The FMLA provides two avenues of recovery for interference with an employee's FMLA rights. *Dry v. The Boeing Co.*, 92 Fed. Appx. 675, 678 (10th Cir. 2004). Under either theory, a *prima facie* case requires Plaintiff to first demonstrate that she is entitled to FMLA leave. *Id.*; *Morgan v. Hilti, Inc.*, 108 F.3d 1319, 1325 (10th Cir. 1997); *Austin v. Haaker*, 76 F. Supp. 2d 1213, 1221 (D. Kan. 1999) (citing *Olsen v. Ohio Edison Co.*, 979 F. Supp. 1159, 1164 (N.D. Ohio 1997)). In the case at bar, Plaintiff asserts that she qualified for FMLA leave because of a serious health condition. Defendant, however, asserts that Plaintiff's condition did not constitute a "serious health condition" within the meaning of the FMLA because it was not diagnosed by a "health care provider" within the meaning of FMLA regulations.

According to FMLA regulations, a "serious health condition" entitling an employee to FMLA leave involves either inpatient care, or "continuing treatment by a health care provider." 29 C.F.R. § 825.114. Only the latter category is pertinent here. "The term 'health care provider' means–(A) a doctor of medicine or osteopathy who is authorized to practice medicine or surgery (as appropriate) by the State in which the doctor practices; or (B) any other person determined by the Secretary [of Labor] to be capable of providing health care services." 29 U.S.C. § 2611(6). Others "capable of providing health care services" include "chiropractors (limited to treatment consisting of manual manipulation of the spine to correct a subluxation as demonstrated by X-ray to exist) authorized to practice in the State and performing within the scope of their practice as defined under

State law." 29 C.F.R. § 825.118(b).[4]

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to Plaintiff, the Court finds that Plaintiff has not met her initial burden of demonstrating that she was entitled to FMLA leave. In the case at bar, it is undisputed that the only health care professional to diagnose and treat Plaintiff's injury was Dr. Rebecca Bristow, a chiropractor, and that Dr. Bristow did not take any x-rays of Plaintiff. Because Plaintiff must show that Dr. Bristow performed "manual manipulation of the spine to correct a subluxation as demonstrated by X-ray to exist," and because Dr. Bristow did not take any x-ray of Plaintiff, the Court finds that Dr. Bristow is not a "health care provider" within the meaning of the FMLA. Accordingly, the Court finds that summary judgment should be granted as to Plaintiff's FMLA claims.[5]

## II.   State Law Claims

Jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. § 1367(a) which provides, in part: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." According to 28 U.S.C. § 1367(c), "[t]he

---

[4] The Court does not question whether Dr. Bristow is a qualified chiropractor under Oklahoma law. However, that fact alone is insufficient to qualify her as a "health care provider" under the FMLA.

[5] "Where, as here, an employee claiming the right to leave under the FMLA has not established that a qualifying 'health care provider' made an assessment of his or her condition . . . summary judgment in favor of the employer-defendant is appropriate." *Olsen*, 979 F. Supp. at 1167-68.

district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed *all* claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (emphasis added).

The Court's analysis above effectively disposes of all of Plaintiff's claims arising under federal law. Accordingly, the Court, in its discretion pursuant to 28 U.S.C. § 1367(c), declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and finds that such claims should be dismissed without prejudice.

## **CONCLUSION**

For the reasons set forth in detail above, the Court finds that Defendant's Motion for Summary Judgment [docket no. 27] as to Plaintiff's FMLA claims should be, and the same hereby is, GRANTED. With respect to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction and hereby DISMISSES these claims without prejudice. This order effectively terminates this action in this Court.

**IT IS SO ORDERED this 21st day of November, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE